IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARVIN J. PEACOCK,

      Plaintiff,

vs.                                                   No. 99cv1380 JP/JHG

JOANNE B. BARNHART,[1]
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Peacock's) Motion to Reverse and Remand Administrative Decision, filed August 3, 2000. The Commissioner of Social Security issued a final decision denying Peacock's claim for disability insurance benefits. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds that Peacock's motion is well taken and recommends that it be GRANTED.

On December 14, 1990, Peacock filed an application for disability insurance benefits. In June 20, 1991, Peacock was found disabled with an onset date of September 11, 1990. Tr. 104. On June 10, 1993, while Peacock was living in Montana, a neighbor reported to the Montana District Office that Peacock was working and had been doing so for three years. Tr. 159-61. On July 19, 1994, Peacock requested suspension of his benefits pending investigation of his work activity. Tr. 163, 164. The Social Security Administration issued a Notice of Cessation of

---

[1] On November 9, 2001, JoAnne B. Barnhart was sworn in as Commissioner of the Social Security Administration. Thus, she is substituted as Defendant in this action.

Benefits and overpayment on May 3, 1995.[2] Tr. 212. In the Notice of Cessation, the Office of Disability informed Peacock that because he had returned to work on April 1991, his December 14, 1990 application had to be denied and he was not entitled to disability insurance benefits. *Id.* Peacock filed an objection and appealed. Tr. 214, 215. On July 19, 1996, the Social Security Administration affirmed its Notice of Cessation and overpayment. Tr. 466, 467. However, because Peacock did not receive this decision affirming the Notice of Cessation and overpayment until July 19, 1996, the date of denial was changed to May 27, 1997. Peacock filed a timely reconsideration request on May 30, 1997. Tr. 476. On August 11, 1997, Peacock filed his request for a hearing. Tr. 481. On April 2, 1998, Administrative Law Judge Richard J. Smith held a hearing. Tr. 20. On July 13, 1998, Judge Smith entered an Unfavorable Decision. Tr. 17. On September 14, 1998, Peacock filed a timely appeal to the Appeals Council. Tr. 570-580. The Appeals Council upheld Judge Smith's Decision and granted Peacock an extension of time for filing suit. Tr. 9. Peacock seeks judicial review pursuant to 42 U.S.C. § 405(g).

On May 26, 1995, the Honorable Charles Lovell sentenced Peacock and ordered him to pay $61,087 to the Court restitution account with the funds to be paid to the Social Security Administration. Tr. 493. Peacock had plead guilty to making false statements in regard to his work activity on a Social Security form in violation of 18 U.S.C. § 1001. Tr. 492. The payment was subject to a nine-month period in which the Social Security Administration could determine whether the amount should be reduced. Tr. 493. On June 19, 1995, Peacock paid the restitution

---

[2] On November 9, 1994, Peacock filed an application for disability benefits. On March 29, 1996, Jon D. Boltz, the Administrative Law Judge, held a hearing and awarded Peacock disability benefits, commencing August 29, 1994. Judge Boltz was informed of Peacock's fraud conviction. Tr. 420-422, 446, 447.

in full, reserving objections to the amount of alleged overpayment. Tr. 496.

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f) and 416.920 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to

the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

The issue before this Court is whether substantial evidence supports the Commissioner's determination that Peacock was not entitled to a trial work period and thus the amount of his overpayment was correct.[3] Peacock contends that although he admitted he was not entitled to disability insurance benefits for a certain period of time based on his December 1990 application, nonetheless, he is entitled to a reduction based on his entitlement to a trial work period. Peacock also contends the Court should apply the case of *Walker v. Secretary of Health and Human Servs.*, 943 F.2d 1257 (10th Cir. 1991). On the other hand, the Commissioner contends *Walker* does not apply because Peacock was a resident of Montana at the time he filed his application for disability and because all work activity was performed in Montana. Montana is in the Ninth Circuit. Therefore, the Commissioner argues Ninth Circuit law applies.

A claimant is entitled to disability insurance benefits after filing an application and waiting five consecutive months during which he or she has a disability. 42 U.S.C. §§ 423(a)(1)(D) & (c)(2)(A). The Social Security Act defines disability as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). If the claimant is engaged in substantial gainful activity under step one of the sequential evaluation process, then the claimant is "not disabled." 20 C.F.R. § 404.1520(b). Substantial gainful activity

---

[3] The ALJ framed the issue as "whether the claimant was entitled to a trial work period based on his December 1990 application." Tr. 22.

"is work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). "Gainful work activity is work activity that you do for pay or profit." 20 C.F.R. § 404.1572(b). If a claimant's earnings averaged more than $500 a month, then the individual is presumptively engaged in substantial gainful activity. 20 C.F.R. § 404.1574(b)(2).

A claimant who is disabled is entitled to a trial work period. 20 C.F.R. § 404.1592(d)(2)(i). The purpose of a trial work period is to allow an individual to test his or her ability to work without losing disability insurance benefits. 20 C.F.R. 404.1592(a). A trial work period consists of up to nine months of work performed after the onset of disability. It begins "with the month in which [the claimant] becomes entitled to disability insurance benefits," but not before the month in which the application for benefits is filed, and ends with the ninth month in which services are performed, or, if earlier, with the month in which disability ceases. 42 U.S.C. §§ 422(c)(3) and (c)(4)(A) & (B); 20 C.F.R. § 404.1592(e). Work done during a trial work period may not be considered when determining whether an individual's disability ceased during that period. 42 U.S.C. § 422(c)(2). However, an individual's disability may be found to have ceased during the trial work period if medical or other evidence shows that the individual is no longer disabled. 20 C.F.R. § 404.1592(e)(2).

In *Walker*, plaintiff applied for disability due to degenerative disc disease and ulcers. Before the ALJ held a hearing, plaintiff returned to work. The ALJ found plaintiff had engaged in substantial gainful activity by virtue of his return to work. The district court affirmed the Commissioner's decision, and plaintiff appealed. On appeal, the Commissioner relied on Social

5

Security Ruling 82-52[4] to argue that a claimant does not become entitled to disability insurance benefits, and thus a trial work period does not begin, when a claimant performs work demonstrating the ability to engage in substantial gainful activity within twelve months of the alleged onset of disability and prior to the award of disability insurance benefits. The Tenth Circuit rejected the Commissioner's argument and concluded that Social Security Ruling 82-52 was inconsistent with the language of the Social Security Act. The Tenth Circuit therefore held that plaintiff was entitled to a nine month trial work period. *Walker*, 943 F.2d at 1260. The Court of Appeals vacated the judgment of the district court and remanded the case back to the Commissioner to determine whether plaintiff engaged in substantial gainful activity but required the Commissioner to consider a nine month trial work period. *Id.*

In this case, the ALJ found that Peacock's onset date of disability to be September 1990. Tr 23. The ALJ further found Peacock returned to work on April 5, 1991, and continued work until August 14, 1991. *Id.* As previously noted, on June 20, 1991, Peacock was found disabled. Peacock earned over $1000 per month while working. *Id.* Peacock was discharged from his

---

[4] Social Security Ruling 82-52 states in pertinent part:

When an individual whose entitlement is established on the basis of expected duration (duration of impairment) returns to work which demonstrates ability to engage in SGA (substantial gainful activity) after an award of benefits but within the 12-month period after onset, benefits should be terminated (subject to the possible entitlement of the individual to a trial work period.). The prior award should not be reopened and reversed.

When the return to work demonstrating ability to engage in SGA occurs before approval of the award and prior to the lapse of the 12-month period after onset, the claim must be denied. When an individual returns to SGA during the waiting period and such work continues, the claim for benefits must be denied if the award has not been approved. If the award was previously approved, the claim must be reopened and revised to an allowance.

position on August 14, 1991, for using poor judgment. *Id.* However, in May 1991, Peacock also began working weekends and evenings in his own business, Action Pest Control. *Id.* This business was seasonal in nature usually beginning in March or April and continuing through September. *Id.* Peacock "grossed approximately $2000 per month in May through July 1991 and had gross receipts of $1995 in August 1991 and $1545 in September 1991." *Id.* Mr. Peacock was the sole owner of the business and did all the work by himself. *Id.*

Based on these facts, the ALJ found "the record clearly reflects that work activity performed for all months from April 1991 through September 1991 was consistent with substantial gainful activity." Tr. 24. The ALJ further found Peacock "returned to substantial gainful activity within 12 months of the disability onset date and is not entitled to a period of disability or disability insurance benefits based on his December 1990 application." *Id.* The ALJ also found Peacock was not entitled to a trial work period unless he invoked *Walker*, which he declined to do.

The Commissioner argues against applying *Walker* in this case on the grounds that (1) Peacock was a resident of Montana at the time he filed his application for disability and all work activity was performed in Montana; (2) it would encourage forum shopping; and (3) it would extend *Walker* to cover a fraudulent act.

Although the finding of disability was determined in June 1991 in Montana, the issue of whether Peacock is entitled to a trial work period is before this Court. Tenth Circuit law is clear on this issue. Under Tenth Circuit law, a claimant does not have to be adjudged disabled and actually receiving benefits to be entitled to a trial work period. *Walker*, 943 F.2d at 1260.

Moreover, 20 C.F.R. § 404.985(a) directs the agency to apply the holding in *Walker*.[5] The record indicates Peacock suffered from an impairment that was expected to last for a continuous period of not less than twelve months at the time he filed his application for disability insurance benefits in December 19, 1990. 42 U.S.C. § 423(d)(1). Although Peacock had not been adjudged disabled and was not actually receiving benefits when he returned to work, under *Walker,* he is entitled to a trial work period. The Court will remand the case to allow the ALJ to determine the amount of Peacock's overpayment after allowing for a trial work period.

The Commissioner contends that if the Court finds Peacock is entitled to a trial work period and thus a reduction in the overpayment amount, the Court will be extending the holding in *Walker* to encompass fraudulent acts. The Court disagrees. As Peacock testified, it was his desire to work that prompted him to accept the April 1991 position with Flathead County in Montana. Tr. 44, 428.. Peacock also testified he never planned to defraud the government but

---

[5] Section 404.985 states:

Application of circuit court law.

> The procedures which follow apply to administrative determinations or decisions on claims involving the application of circuit court law.
>
> (a) General. We will apply a holding in a United States Court of Appeals decision that we determine conflicts with our interpretation of a provision of the Social Security Act or regulations unless the Government seeks further judicial review of that decision or we relitigate the issue presented in the decision in accordance with paragraphs (c) and (d) of this section. We will apply the holding to claims at all levels of the administrative review process within the applicable circuit unless the holding, by its nature, applies only at certain levels of adjudication.

acknowledged that he violated the law once the nine month trial work period ended and he concealed his work activity. Tr. 51, 428. Peacock has accepted responsibility for his actions and has reimbursed the Social Security Administration for that period in which he received disability insurance benefits fraudulently. To deny Peacock a trial work period would serve no purpose. Finally, the Court seriously doubts that applying *Walker* would encourage forum shopping.

## **RECOMMENDED DISPOSITION**

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Peacock's Motion to Reverse or Remand Decision of the Commissioner is granted. On remand, the ALJ shall determine the amount of Peacock's overpayment after allowing for a trial work period.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.